

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,758, AP-76,759, AP-76,760 & AP-76,761

## EX PARTE RICARDO CAVAZOS, Applicant

## ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
## CAUSE NOS. 51,006-C, 51,007-C, 51,008-C & 51,009-C
## IN THE 251ST DISTRICT COURT
## FROM POTTER COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of sexual assault, two counts of aggravated sexual assault, and one count of indecency with a child. He was sentenced to imprisonment for twenty years on the sexual assault count, for life and sixty years on the aggravated sexual assault counts, and for ten years on the indecency with a child count. The Seventh Court of Appeals dismissed his appeals. *Cavazos v. State*, Nos. 07-10-00391-CR, 07-

10-00392-CR, 07-10-00393-CR & 07-10-00394-CR (Tex. App.–Amarillo Oct. 6, 2010, no pet.).

Applicant contends that his trial counsel rendered ineffective assistance because he failed to timely file notices of appeal. We remanded these applications to the trial court for findings of fact and conclusions of law.

The trial court found that there is no evidence in the record that trial counsel timely filed notices of appeal and complied with *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). We find that Applicant is entitled to the opportunity to file out-of-time appeals of the judgments of conviction in cause numbers 51,006-C, 51,007-C, 51,008-C, and 51,009-C from the 251st Judicial District Court of Potter County. Applicant is ordered returned to that time at which he may give written notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute appeals, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: March 28, 2012
Do Not Publish